IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARION LANDERS, et al.,<br>   Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT,<br>   Defendant. | )<br>)<br>)<br>)   No. 3:04CV1988 (JCH)<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO MURIEL GRIGLEY'S MOTION
FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

On February 8, 2005, prior to the time defendant filed an answer, the two original named plaintiffs, Marion Landers and Marion Dixon, amended their complaint to add a third plaintiff, Muriel Grigley. See First Amended Complaint For Mandamus, Declaratory, And Injunctive Relief ("Amd. Compl.") (Docket # 17). On February 15, 2005, plaintiff Grigley filed a motion for class certification and appointment of class counsel. See Motion of Muriel Grigley For Class Certification And Appointment Of Class Counsel (Docket # 21). Plaintiffs Landers and Dixon filed a motion for class certification and appointment of class counsel on January 14, 2005 (Docket # 8), which Defendant opposed on February 4, 2005. See Defendant's Opposition To Plaintiffs' Motion For Class Certification And Appointment Of Class Counsel ("Def. Opp.") (Docket # 15). That earlier motion for class certification is pending.

In seeking class certification, Ms. Grigley relies solely on the arguments raised by Ms. Landers and Mr. Dixon in their certification papers. See Memorandum Of Points And Authorities In Support Of Motion Of Muriel Grigley For Class Certification And Appointment Of Class Counsel at 1-2 ("Grigley Br.") (Docket # 22). To avoid burdening the Court with a duplicative brief, defendant also relies on his previous arguments — fully applicable here — in

opposing Ms. Grigley's motion.  See Def. Opp. at 11-28.

Specifically, Ms. Grigley's motion should be denied because the Court lacks jurisdiction over her claims, for Ms. Grigley, like Mr. Dixon, has not exhausted statutorily-prescribed administrative remedies.  See Amd. Compl. ¶ 59 (alleging that Ms. Grigley has received only an "initial determination" with respect to her Medicare claim); Grigley Br. at 2 ("Plaintiff Grigley has not exhausted her administrative remedies"); see also Def. Opp. at 11-12 (explaining that the Medicare statute generally conditions federal jurisdiction over claims "arising under" the Medicare statute on presentment of a claim to the Secretary and exhaustion of administrative remedies).  As we previously have demonstrated at length, there are no grounds for waiving the Medicare statute's exhaustion requirement in this case.  See Def. Opp. at 14-18.

Even putting this jurisdictional defect aside, Ms. Grigley cannot represent the proposed class because she has not demonstrated that she satisfies the commonality, typicality, and adequacy-of-representation requirements set out in Fed. R. Civ. P. 23(a), see Def. Opp. at 22-23 (commonality/typicality); id. at 24 (adequacy of representation),[1] or the separate requirements for class certification set out in Rule 23(b)(2).  See id. at 25.  Finally, Ms. Grigley, like Ms. Landers and Mr. Dixon, resides in Connecticut, see Amd. Compl. ¶ 7, and her claims provide no basis on which to certify a *nationwide* class action.  See Def. Opp. at 25-27.  Indeed, by adding another Connecticut plaintiff, plaintiffs have merely underscored our argument that, even if class certification were appropriate in these circumstances (and it is not), any class should be limited

---

[1] Like the claims of Ms. Landers and Mr. Dixon, Ms. Grigley's claim for skilled nursing facility coverage depends on counting time spent in the emergency room toward the 3-day-inpatient requirement.  See Amd. Compl. ¶ 60.  Ms. Grigley does not allege that she spent time in observation status.  See Def. Opp. at 24 (explaining significance of this point).

geographically to this State.  For all of these reasons, and those set forth at length in our earlier opposition brief, plaintiff Grigley's motion for class certification should be denied.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        KEVIN J. O'CONNOR
        United States Attorney

        SHEILA M. LIEBER
        Deputy Branch Director

        /s/ Craig M. Blackwell
        CRAIG M. BLACKWELL,
        D. Conn. Federal Bar No. phv0032
        Senior Trial Counsel
        Federal Programs Branch
        U.S. Department of Justice
        Ben Franklin Station
        P.O. Box 883
        Washington, D.C. 20044
        Tel: (202) 616-0679
        Fax: (202) 616-8470
        email: craig.blackwell@usdoj.gov

OF COUNSEL:
ALEX M. AZAR II
General Counsel
ROBERT P. JAYE
Acting Associate General Counsel
ALAN S. DORN
Acting Deputy Associate General
  Counsel for Litigation
PAUL E. SOEFFING
Attorney
U.S. Dept. of  Health and Human Services

Date: March 8, 2005

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 8, 2005, a copy of the foregoing "Defendant's Opposition to Muriel Grigley's Motion for Class Certification and Appointment of Class Counsel" was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Craig M. Blackwell  
Craig M. Blackwell  
D. Conn. Federal Bar No. phv0032  
Senior Trial Counsel  
U.S. Department of Justice  
Ben Franklin Station  
P.O. Box 883  
Washington, D.C. 20044  
Tel: (202) 616-0679  
Fax: (202) 616-8470  
email: craig.blackwell@usdoj.gov