IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARION LANDERS, et al.,<br>　　Plaintiffs,<br><br>v.<br><br>MICHAEL O. LEAVITT,<br>　　Defendant.<br>_____ | )<br>)<br>)<br>)　　No. 3:04CV1988 (JCH)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S SUPPLEMENTAL BRIEF ON CLASS CERTIFICATION**

　　This case challenges the Secretary's policy of not counting time in the emergency room or on observation status toward the statutory requirement that a Medicare beneficiary spend three consecutive days as a hospital inpatient as a prerequisite for post-hospital coverage in a skilled nursing facility ("SNF").  At oral argument on plaintiffs' motion for class certification, the Court asked the parties to briefly address in a supplemental filing whether certifying the requested class would, in the event the Court upholds the Secretary's policy, preclude class members from later seeking SNF benefits based on the reasoning of Jenkel v. Shalala, 845 F.Supp. 69 (D. Conn. 1994).  As explained below, if the Court upholds the Secretary's policy, class members will be precluded from later raising an argument based on Jenkel.

　　1.  Under the doctrine of res judicata (also called claim preclusion), "'[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"  Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000) (citation omitted; alteration in original); Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000) ("'Res judicata . . . makes a final, valid judgment conclusive on the parties, and those in privity with them, as to all matters, fact and law, [that] were or should have been

adjudicated in the proceeding'") (citation omitted; alterations in original).  The judgment bars any further claim based on the same nucleus of facts, so long as "the facts essential to the second" suit "were [already] present in the first."  Waldman, 207 F.3d at 111 (alteration in original; emphasis omitted).

A party "cannot avoid the effects of res judicata by 'splitting' his claim into various suits, based on different legal theories (with different evidence 'necessary' to each suit)."  Waldman, 207 F.3d at 110.  See also Stark v. Starr, 94 U.S. 477, 485 (1876) (party seeking to enforce a claim "is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail"); Myers v. Colgate-Palmolive Co., 102 F.Supp.2d 1208, 1223-24 (D. Kan. 2000) (rule against claim splitting "prohibits a plaintiff from prosecuting its case piecemeal" and "requires that all claims arising out of a single wrong be presented in one action") (citations omitted) (cited in Salib v. I.C. Sys., Inc., 2002 WL 31060368 * 2 (D. Conn. July 24, 2002) (Hall, J.)).

Thus, where a plaintiff could have asserted a claim in the first action but declined to do so, res judicata bars the plaintiff from litigating that claim in a second action.  "'[F]airness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end.'"  Mervin v. Federal Trade Comm'n, 591 F.2d 821, 830 n.9 (D.C. Cir. 1978) (citation omitted).

2. These principles apply to class actions:  "[t]here is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation."  Cooper v. Federal Reserve Bank of

Richmond, 467 U.S. 867, 874 (1984).  Thus, "[b]asic principles of res judicata (merger and bar or claim preclusion) and collateral estoppel (issue preclusion) apply."  Id.  See also Restatement (Second) of Judgments § 41(1)(e) (1982) (person represented by a party is "bound by and entitled to the benefits of a judgment as though he were a party").  In ruling on a motion for class certification, it is appropriate to consider the potential "res judicata effect" on class members of a favorable or unfavorable decision on the merits of the class claims.  Zachery v. Texaco Exploration & Prod., Inc., 185 F.R.D. 230, 243 (W.D. Tex. 1999).  Indeed, "the very purpose of the procedural safeguards set forth in rule 23 of the Federal Rules of Civil Procedure is to mitigate the sometimes harsh consequences of res judicata."  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 648 (N.D. Cal. 1978), aff'd, 645 F.2d 699, 700 (9th Cir.) (adopting district court's opinion), cert. denied, 454 U.S. 1126 (1981).

  We note that a defense judgment in a class action alleging a pattern-or-practice claim may not bar subsequent litigation by individual class members where the individual claim is not inconsistent with, or necessarily resolved by, the class judgment.  Thus, in Cooper, the Supreme Court held that an adverse judgment at the liability stage of a Title VII pattern-or-practice class action does not automatically preclude — by virtue of res judicata or collateral estoppel — individual discrimination lawsuits by class members.  "[T]he existence of a valid individual claim," the Court observed, "does not necessarily warrant the conclusion that the individual plaintiff may successfully maintain a class action[,] . . . .  [and] [i]t is equally clear that a class plaintiff's attempt to prove the existence of a companywide policy . . . may fail even though discrimination against one or two individuals has been proved."  Cooper, 467 U.S. at 877-78. Because a court could "simultaneously . . . conclude that [the plaintiffs] had valid individual

claims even though it had expressly found no proof of any classwide discrimination" (id. at 878), the individual claims were not precluded by the judgment on the common class questions.

3.  If the Court certifies a class in this case and later concludes on the merits of plaintiffs' claims that the Secretary's across-the-board policy is lawful — i.e., that the Secretary may refuse in all instances to count time in the emergency room or on observation status towards the three-day-inpatient requirement — the individual class members will be barred under basic preclusion principles from later seeking benefits under the reasoning of Jenkel.  As noted above, res judicata bars litigation of claims that could have been raised in the initial proceeding.  See Curtis, 226 F.3d at 139.  There is no question that the Jenkel issue could have been raised in this case. Indeed, each of the three named plaintiffs argued Jenkel in their administrative proceedings, and two of them, Grigley and Dixon, prevailed on the point (thereby mooting their claims here). There also can be no question that the "facts essential" to a Jenkel claim are "present in" this case.  See Waldman, 207 F.3d at 111.  Plaintiffs' Amended Complaint specifically alleges the facts relating to each plaintiff's care and course of treatment while in the emergency room and after inpatient admission, the very facts they argued in the administrative proceedings in support of their Jenkel contentions.  See Amd. Compl. ¶¶ 24-40, 37-43, 50-56 (alleging specific facts relating to each plaintiff's hospital course of treatment).

Moreover, and unlike the situation in Cooper, a judgment against a Landers class on the merits would necessarily resolve any class member's subsequent individual claim for benefits under Jenkel.  That is, the Court could *not* "simultaneously . . . conclude" (467 U.S. at 878) in the class action that the Secretary's policy is lawful *and* in an individual action that a class member is entitled to benefits under Jenkel.  If the Secretary's policy is lawful, then the Secretary may

        exclude the counting of emergency room and observation time as "inpatient" time in all instances, regardless of a particular beneficiary's course of hospital treatment. A favorable decision for the Secretary on the policy issue *necessarily* would be dispositive of any individual plaintiff's Jenkel argument. Rule 23 is specifically intended to avoid such conflicts between class representatives and class members. See Valerio, 80 F.R.D. at 648.

**CONCLUSION**

Plaintiffs have decided for strategic reasons not to raise Jenkel in this case. If a class is certified, however, and the Secretary ultimately prevails on the merits, that strategic decision could adversely affect the interests of class members who may wish to press a Jenkel argument.[1] Plaintiffs cannot adequately represent these potential class members. For the foregoing reasons, and those stated in defendant's opposition brief and at oral argument, plaintiffs' motion for class certification should be denied.

[1]Indeed, both Dixon and Grigley prevailed at the administrative level based on Jenkel. If, instead, their claims in this case had proceeded to judgment and the Secretary had prevailed before their administrative claims were resolved, Dixon and Grigley would have lost their ability to raise Jenkel.

Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        KEVIN J. O'CONNOR
        United States Attorney

        /s/ Craig M. Blackwell
        CRAIG M. BLACKWELL,
        D. Conn. Federal Bar No. phv0032
        SHEILA M. LIEBER
        PETER T. WECHSLER
        Attorneys
        U.S. Department of Justice
        Ben Franklin Station
        P.O. Box 883
        Washington, D.C. 20044
        Tel: (202) 616-0679
        Fax: (202) 616-8470
        email: craig.blackwell@usdoj.gov

Date: August 23, 2005

## CERTIFICATE OF SERVICE

   I hereby certify that on August 23, 2005, a copy of the foregoing "Defendant's Supplemental Brief On Class Certification" was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System

              /s/ Craig M. Blackwell
              Craig M. Blackwell
              D. Conn. Federal Bar No. phv0032
              Senior Trial Counsel
              U.S. Department of Justice
              Ben Franklin Station
              P.O. Box 883
              Washington, D.C. 20044
              Tel: (202) 616-0679
              Fax: (202) 616-8470
              email: craig.blackwell@usdoj.gov